UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIERRA HAWKINS,<br><br>               Plaintiff,<br><br>    v.<br><br>FEDEX GROUND, *et al.*,<br><br>               Defendants. | Case No. 3:25-CV-00336-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Sierra Hawkins's ("Hawkins") application to proceed *in forma pauperis* (ECF No. 1), and her *pro se* civil rights complaint (ECF No. 1-2). For the reasons stated below, the Court recommends that the *in forma pauperis* application, (ECF No. 1), be granted, and the complaint, (ECF No. 1-2), be dismissed as delineated below.

## I. *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Hawkins cannot pay the filing fee. (*See* ECF No. 1.) Accordingly, the Court recommends that the IFP application be granted.

## II.  SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING OF COMPLAINT**

In her complaint, Hawkins sues Defendants FedEx Ground, Adelzo Diaz, Angela Mladenovic, and Eric Verwoest for racial discrimination, gender discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964. (*See* ECF No. 1-2.) Hawkins seeks monetary relief. (*Id.* at 9.)

Hawkins's complaint alleges that she is a black woman who has been employed since December 2018 as a maintenance support representative in Sparks, Nevada. (*Id.*

at 3.) Hawkins claims she has experienced both racial and gender-based discrimination while employed at FedEx, as well as retaliation after reporting the discrimination. (*Id.* at 3-8.) Having reviewed Hawkins's complaint there are several deficiencies.

### A. Individual Liability under Title VII

As an initial matter, while Hawkins names her employer, FedEx, as a defendant in this action, the only allegations in the complaint are made against individual defendants. (*See* ECF No. 1-2.) However, individuals may not be sued for Title VII violations. The Ninth Circuit has held that non-employer individuals cannot be held liable for damages under Title VII, even if that individual is a supervisory employee. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). As a result, the Court recommends that Defendants Adelzo Diaz, Angela Mladenovic, and Eric Verwoest be dismissed from this action.

### B. Gender Discrimination Claim

Next, attached to her complaint is her right to sue letter and charge of discrimination from the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 10-13.) According to these documents, Hawkins only presented claims of color and race-based discrimination as well as retaliation to the EEOC. (*See id.*) She did not present a claim related to gender-based discrimination. (*Id.*)

Title VII of the Civil rights act makes it "an unlawful employment practice for an employer to ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). However, "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." *Vinieratos v. United States*, 939 F.2d 762, 768-69 (9th Cir. 1991). The exhaustion requirement is intended to further Title VII's goal of voluntary settlement of employment discrimination disputes. *Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986). The Ninth Circuit has made clear that "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th

Cir. 2003). The scope of subject matter jurisdiction is determined by the scope of the aggrieved employee's EEOC complaint. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). A district court has jurisdiction over "any charges of discrimination that are like or reasonably related to the allegations in the EEOC charge, or that fall within the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (internal quotations omitted).

Here, Hawkins only presented a race discrimination claim to the EEOC, but did not present a gender discrimination claim, and thus the Court does not have subject matter jurisdiction over the gender discrimination claim, as this claim was not exhausted. *See Anderson v. Reno*, 190 F.3d 930 938 (9th Cir. 1999) (noting that if a plaintiff, who had concededly exhausted a sex discrimination claim tried to assert a different theory of discrimination (e.g. racial discrimination), the race discrimination claim could not be considered exhausted and would thus be barred.) Because Hawkins did not exhaust her gender discrimination claim, the Court recommends it be dismissed for lack of subject matter jurisdiction.

### C.    Racial Discrimination Claim

As discussed above, Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-5. Hawkins alleges discrimination on the basis of race. To establish a Title VII discrimination claim, a plaintiff must allege: (1) she is a member of a protected class; (2) she was qualified for her position and performing hers job satisfactorily; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside of her protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt.*, Inc., 615 F.3d 1151, 1156 (9th Cir. 2010) (citation omitted); *see also* 42 U.S.C. § 2000e-3(e). An adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*,

1  520 F.3d 1080, 1089 (9th Cir. 2008).

2  At this time, Hawkins fails to state a racial discrimination claim. Hawkins does not provide the Court with sufficient factual allegations to show that she experienced <u>an adverse employment action</u> that materially affected the compensation, terms, conditions, and privileges of her employment, <u>based on her race</u>. Accordingly, the Court recommends dismissal of the Title VII racial discrimination claim, with leave to amend.

### D.  Retaliation

When an employee files a complaint regarding an unlawful practice, she has engaged in a protected activity. See 42 U.S.C. § 2000e-3(e). Employers may not retaliate against an employee because he has opposed any unlawful act or practice. 42 U.S.C. § 12203(a); *see also Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 849 (9th Cir. 2004) ("Pursuing one's rights under the ADA constitutes a protected activity"). To state a retaliation claim under Title VII or the ADA, a plaintiff must allege that: (1) she engaged in a protected act; (2) she suffered some sort of adverse employment action; and (3) there was a causal connection between her protected action and the adverse act. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008) (Title VII).

Here, as above, Hawkins does not provide the Court with sufficient factual allegations to show she experienced an <u>adverse employment action</u> that materially affected the compensation, terms, conditions, and privileges of her employment. Accordingly, the Court recommends dismissal of the retaliation claim, with leave to amend.

### E.  Leave to Amend

Consistent with the above, the Court recommends that Hawkins be granted leave to file an amended complaint to cure the deficiencies of the complaint. If Hawkins chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is

irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Hawkins should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, she must allege true facts sufficient to show that the Defendant violated her civil rights. Hawkins may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, if Hawkins chooses to file an amended complaint curing the deficiencies, as outlined in this order, Hawkins must file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Hawkins chooses not to file an amended complaint curing the stated deficiencies, the Court recommends dismissal of this action for failure to state a claim.

### IV.   CONCLUSION

For the reasons stated above, the Court recommends that Hawkins's IFP application, (ECF No. 1), be granted, and her complaint, (ECF No. 1-2), be dismissed for lack of subject matter jurisdiction as to the gender discrimination claim and dismissed with leave to amend as to the racial discrimination and retaliation claims.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Hawkins's *in forma pauperis* application, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-2):

- be **DISMISSED** for lack of subject matter jurisdiction as to the gender discrimination claim; and,
- be **DISMISSED WITHOUT PREJUDICE, AND WITH LEAVE TO AMEND** as to the race discrimination and retaliation claims.

**IT IS FURTHER RECOMMENDED** that Defendants Adelzo Diaz, Angela Mladenovic, and Eric Verwoest, be **DISMISSED** from the entirety of this action.

**IT IS FURTHER RECOMMENDED** that if Hawkins chooses to file an amended complaint curing the deficiencies of her complaint, as outlined in this order, she shall file the amended complaint within **30 days** from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Hawkins chooses not to file an amended complaint curing the stated deficiencies of the complaint, that this action be dismissed for failure to state a claim.

**DATED**: July 31, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**