UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIERRA HAWKINS,<br><br>                Plaintiff,<br><br>v.<br><br>FEDEX GROUND, *et al.,*<br><br>                Defendants. | Case No. 3:25-CV-00336-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Sierra Hawkins's ("Hawkins") First Amended Complaint ("FAC"). (ECF No. 8.) The Court now screens Hawkins's FAC under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

## II. SCREENING OF COMPLAINT

Previously, the Court granted Hawkins's application to proceed *in forma pauperis* and screened her original complaint. (ECF No. 6.) The original complaint asserted claims for racial discrimination, gender discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 against Defendants FedEx Ground, Adelzo Diaz, Angela Mladenovic, and Eric Verwoest. (ECF No. 7.) Hawkins's initial complaint alleged that she is a black woman who has been employed as a maintenance support representative for FedEx since December 2018 and that while employed, she experienced racial and gender-based discrimination as well as retaliation after reporting the discrimination. (*Id.*) The Court dismissed Defendants Adelzo Diaz, Angela Mladenovic, and Eric Verwoest from the action and the complaint in its entirety. (ECF No. 6.) However, the Court allowed Hawkins to file an amended complaint as to her claims for racial discrimination and retaliation. The Court also allowed Hawkins to amend her complaint as to the gender discrimination claim but only to the extent she has exhausted her administrative remedies.

Turning to the FAC, Hawkins only includes claims for racial discrimination and retaliation. (ECF No. 8.) The Court will discuss each claim in turn.

### A. Racial Discrimination

Title VII of the Civil rights act makes it "an unlawful employment practice for an employer to ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a Title VII discrimination claim, a plaintiff must allege: (1) she is a member of a protected class; (2) she was qualified for her position and performing hers job satisfactorily; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside of her protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citation omitted); *see also*

42 U.S.C. § 2000e-3(e). An adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).

The Court previously found that "Hawkins failed to state a claim for racial discrimination because she did not provide the Court with sufficient factual allegations to show she experienced <u>an adverse employment action</u> that materially affected the compensation, terms, conditions, and privileges of her employment, <u>based on her race</u>." (ECF No. 5 at 6 (emphasis original); ECF No. 6 at 2 (adopting the recommendations in ECF No. 5).)

In the FAC, Hawkins alleges she was demoted in March 2023 despite "exceeding performance expectations" and receiving awards for her work. (ECF No. 8 at 5.) Hawkins alleges this was because of an HR audit that showed a previous promotion was a mistake, however, she was the only employee affected by this audit. (*Id.*) Hawkins alleges that she was reelevated to her previous position in October 2024. (*Id.*) In the interim, Hawkins alleges that she had to take a 10% pay cut and it delayed her career advancement. (*Id.*) Hawkins also alleges that other employees who are not black held positions where they did not meet every requirement on the job description. (*Id.* at 9.)

The Court finds that this is a sufficient factual basis to support a claim for racial discrimination under Title VII, as Hawkins has now alleged she suffered an adverse employment action based on her race.

B.   Retaliation

When an employee files a complaint regarding an unlawful practice, she has engaged in a protected activity. See 42 U.S.C. § 2000e-3(e). Employers may not retaliate against an employee because he has opposed any unlawful act or practice. 42 U.S.C. § 12203(a); *see also Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 849 (9th Cir. 2004) ("Pursuing one's rights under the ADA constitutes a protected activity"). To state a retaliation claim under Title VII or the ADA, a plaintiff must allege that: (1) she engaged

in a protected act; (2) she suffered some sort of adverse employment action; and (3) there was a causal connection between her protected action and the adverse act. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008) (Title VII).

After screening the initial complaint, the Court found that "Hawkins did not provide the Court with sufficient factual allegations to show she experienced <u>an adverse employment action</u> that materially affected the compensation, terms, conditions, and privileges of her employment." (ECF No. 5 at 6 (emphasis original); ECF No. 6 at 2 (adopting the recommendations in ECF No. 5).)

The Court found above that Hawkins did allege a claim for racial discrimination based on a demotion she received in March 2023. However, for a retaliation claim, Hawkins must show a causal connection between her protected actions of complaining of her disparate treatment and the adverse act of being demoted. *Davis*, 520 F.3d at 1093-94. Here, Hawkins does not allege that she raised any complaints about racial discrimination or disparate treatment before she was demoted in March 2023. Thus, Hawkins has not established a <u>causal connection</u> between her protected action and an adverse employment action. Accordingly, the Court recommends dismissal of the retaliation claim, with leave to amend.

### C.     Leave to Amend

Consistent with the above, the Court recommends that Hawkins be granted leave to file an amended complaint to cure the deficiencies of the complaint. If Hawkins chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Hawkins should clearly title the amended pleading as "Second Amended Complaint." For each Defendant and each claim, she must allege true facts sufficient to

show that the Defendant violated her civil rights. Hawkins may not amend the complaint to add unrelated claims against other defendants. The Court notes that, if Hawkins chooses to file an amended complaint curing the deficiencies, as outlined in this order, Hawkins must file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Hawkins chooses not to file an amended complaint curing the stated deficiencies, the Court recommends Hawkins proceed on only the Title VII racial discrimination claim against Defendant FedEx.

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Goodrum's IFP application, (ECF No. 4), be granted, his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile, and his motion for leave to file complaint, (ECF No. 1-1), be denied as moot.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Title VII racial discrimination claim proceed against Defendant FedEx.

**IT IS FURTHER RECOMMENDED** that the retaliation claim be **DISMISSED WITHOUT PREJUDICE, AND WITH LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that if Hawkins chooses to file an amended

complaint curing the deficiencies of her complaint, as outlined in this order, she shall file the amended complaint within **30 days** from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Hawkins chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court recommends this action proceed on only the Title VII racial discrimination claim against Defendant FedEx.

**DATED**:  October 8, 2025  .

_____
**UNITED STATES MAGISTRATE JUDGE**