UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIERRA HAWKINS,<br><br>      Plaintiff,<br> v.<br>FEDEX GROUND, *et al.*,<br><br>      Defendants. | Case No. 3:25-CV-00336-MMD-CLB<br><br>ORDER |

  *Pro se* Plaintiff Sierra Hawkins filed a proposed first amended complaint (ECF No. 8 ("FAC")) after the Court's order allowing for amendment (ECF No. 6), asserting claims under Title VII of the Civil Rights Act of 1964. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin. (ECF No. 12.) Judge Baldwin screened the FAC and recommended that Plaintiff's claim for racial discrimination be allowed to proceed but that Plaintiff's claim for retaliation be dismissed with leave to amend.[1] (*Id.*) Plaintiff had until October 22, 2025 to file an objection. To date, no objection has been filed. For that reason, and as further explained below, the Court will adopt the R&R in part and reject it in part.

  Because there was no objection, the Court need not conduct de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). However, the Court finds that Judge Baldwin clearly erred in recommending dismissal of the retaliation claim.

///

---

[1] The first paragraph under the conclusion section contains reference to an IFP application that is apparently a clerical error. (ECF No. 12 at 6.)

Judge Baldwin found that Plaintiff alleges a claim for racial discrimination under Title VII based on a demotion given in March 2023. (ECF No. 12 at 5.) The Court agrees with Judge Baldwin's recommendation. However, the Court must take particular care in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Viewed under that liberal standard, Plaintiff alleges that she was subjected to racial comments referring to her "African American facial features" and alleges how the "harassment continued and worsened, creating a hostile work environment." (ECF No. 8 at 3, 8-9.) Viewed under the more liberal standard that applies to *pro se* pleadings, Plaintiff's discrimination claim is also based on a hostile work environment theory of liability.[2] Accordingly, the Court finds that the FAC states a claim for discrimination based on both disparate treatment and hostile work environment.

Judge Baldwin recommends that Plaintiff's retaliation claim be dismissed with leave to amend because Plaintiff fails to allege a causal connection between the adverse employment action—Plaintiff's demotion in March 2023—and her protected activity—complaints of racial discrimination or disparate treatment.[3] (ECF No. 12 at 5.) Plaintiff alleges that between May and July 2024, two co-workers made comments of racial

---

[2] Discrimination based on a hostile work environment requires a plaintiff to show that the "workplace [was] permeated with discriminatory intimidation . . . that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted)).

[3] Title VII makes it unlawful for an employer to discriminate against any employee "because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] had made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). A prima facie case of retaliation requires a showing that: (1) the plaintiff engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between these two events. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002); *see also Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) ("We have recognized that an adverse employment action exists where an employer's action negatively affects its employee's compensation.").

animus that she then twice reported to her direct manager, Adelzo Diaz. (ECF No. 8 at 3.) In November 2024, Plaintiff "escalated" her concerns about alleged improper and retaliatory treatment to "HR and senior manager." (*Id.* at 6.) Plaintiff alleges that she experienced "numerous forms of retaliation between Nov 2024 an Aug. 2025." (*Id.*) Plaintiff asserts that days after reporting this discrimination, her supervisor "immediately changed her schedule . . . which affected her second source of income outside of this job." (*Id.* at 10.) In January 2025, after escalating her concerns to HR, Diaz changed her schedule again, revoking her previously approved accommodation for her school classes. (*Id.* 10-11.) That same month, Plaintiff alleges she was excluded from "the maint. monthly safety message and over [sic] safety concerns such as red alerts related directly to [her] department." (*Id.* at 10.)

The Court finds these actions qualify as materially adverse actions which as alleged were taken because of Plaintiff's protected reporting activity in 2024.[4] "Title VII retaliation claims may be brought against a much broader range of employer conduct than substantive claims of discrimination." *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006). For retaliation claims, the plaintiff need only show some employer action occurred which "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* For example, work schedule changes impacting a plaintiff's particular circumstances may qualify as adverse action for a retaliation claim. *See Burlington Northern*, 548 U.S. at 69 (citing *Washington v. Illinois Dep't of Revenue*, 420 F.3d 658 (7th Cir. 2005)). Similarly, excluding an employee from workplace activities and resources "might well deter a reasonable employee from complaining about discrimination." *Id.*

Viewing Plaintiff's pro se pleadings liberally, Plaintiff arguably states a claim for retaliation based on other alleged adverse actions, not based on her March 2023

---

[4]The Court must accept as true all well-pled factual allegations in a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

demotion. Accordingly, the Court declines to adopt the R&R's recommendation to dismiss Plaintiff's retaliation claim.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 12) is accepted in part and adopted in part.

It is further ordered that Plaintiff's claims for racial discrimination under Title VII based on disparate treatment and hostile work environment and for retaliation as alleged in the FAC may proceed.

It is further ordered that the matter of service of process is referred to the Magistrate Judge to address.

DATED THIS 27th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE